UNITED STATES of America, Plaintiff,

v.

**Nicholas GIO, Defendant.**

**No. 99 C 1618.**

United States District Court, N.D. Illinois, Eastern Division.

Aug. 2, 1999.

Gary S. Shapiro, First Assistant United States Attorney, United States Attorney's Office, Chicago, for Plaintiff.

Nicholas Gio, Leavenworth, KS, Pro se.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendant Nicholas Gio's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the following reasons, the court denies the motion with prejudice.

### I. BACKGROUND

In 1991, a jury convicted defendant Nicholas Gio along with co-defendant Joseph Marchiafava on one count of conspiracy to commit arson in violation of 18 U.S.C. § 371 and three counts of traveling in interstate commerce to promote or carry on unlawful activity in violation of 18 U.S.C. § 152.[1] During Gio and Marchiafava's joint trial, the court received into evidence against Marchiafava a redacted version of a confession made by Marchiafava. The confession was a statement made by Marchiafava to FBI agents which implicated Marchiafava, Gio, and several other men in the crime charged. The version of the confession received into evidence had been redacted to replace any references to Gio's name with the neutral phrases of "the other person" or "another person." The court allowed this redacted version to be read into evidence after the court read a limiting instruction, instructing the jury not to consider the statement as evidence against Gio.

In 1992, this court sentenced Gio to a sixty-three month term of incarceration to be followed by three years of supervised release and ordered Gio to pay $65,509.92 in restitution and a $200.00 special assessment. Gio appealed his sentence and conviction, arguing, *inter alia*, that this court erred by receiving into evidence the redacted version of Marchiafava's confession.

The Seventh Circuit vacated this court's order of restitution but affirmed Gio's conviction and sentence in all other respects, holding that this court "did not err in allowing in evidence the redacted confession, combined with the limiting instruction given to the jury." *Gio,* 7 F.3d at 1286–87, 1293.

Gio did not attempt to appeal the Seventh Circuit's decision to the Supreme Court of the United States. On March 2, 1994, this court resentenced Gio, the only change on resentencing being that the court eliminated the order of restitution. Gio did not appeal any aspect of his new sentence.

On March 16, 1999, Gio filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, arguing that this court committed reversible error by admitting into evidence the redacted version of co-defendant Marchiafava's confession. In support of his motion, Gio relies on the Supreme Court's decision in *Gray v. Maryland,* in which the Court held that in a joint trial of two defendants, the use of one defendant's confession, which had been redacted to substitute blanks and the word "delete" for the other defendant's proper name, violated the Sixth Amendment rights of the other defendant, despite the fact that the trial judge gave an instruction that it could only be used against the defendant who had confessed. *Gray v. Maryland,* 523 U.S. 185, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998).

The government has moved to dismiss Gio's § 2255 motion. The government argues that the Supreme Court's decision in Gray may not be applied retroactively. The government argues in the alternative that even if *Gray* is applied retroactively to Gio's case, the error, if any, was harmless.

## II. DISCUSSION

In order for Gio to seek relief under *Gray* in this § 2255 motion, the court must

---

**1.** The facts underlying Gio's conviction are laid out in *United States v. Gio,* 7 F.3d 1279

(7th Cir.1993).

find that the Supreme Court's decision in *Gray* may be applied retroactively. *See* 28 U.S.C. § 2255 (unnumbered paragraph 6). The government argues that *Gray* may not be applied retroactively. Thus, whether *Gray* may be applied retroactively is a threshold question that the court must decide. *See Graham v. Collins,* 506 U.S. 461, 466, 113 S.Ct. 892, 122 L.Ed.2d 260 (1993).

In *Teague v. Lane,* the Supreme Court formulated a general rule of non-retroactivity applicable to motions filed under 28 U.S.C. § 2255 as well as petitions for habeas corpus filed under 28 U.S.C. § 2254. *Teague v. Lane,* 489 U.S. 288, 300–301, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); *Fern v. Gramley,* 99 F.3d 255, 257 (7th Cir.1996) (explaining that *"Teague* applies to petitions brought under § 2255 as well as petitions brought under § 2254"). Under *Teague*'s general rule of non-retroactivity, a new constitutional rule of criminal procedure does not apply to a case that has become final before the new rule was announced unless the new rule falls within one of two narrow exceptions to the general rule of non-retroactivity. *Teague,* 489 U.S. at 310, 109 S.Ct. 1060.[2]

In order to determine whether the rule in *Gray* should be applied retroactively to Gio's case, the court must conduct a three-part inquiry. *Caspari v. Bohlen,* 510 U.S. 383, 389, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994). First, the court must determine when Gio's conviction and sentence became final for the purposes of *Teague. Id.* at 390, 114 S.Ct. 948; *Jones v. Page,* 76 F.3d 831, 851 (7th Cir.1996). Second, the court must determine whether the rule in *Gray* is a new constitutional rule of criminal procedure. *Caspari,* 510 U.S. at 390, 114 S.Ct. 948; *Jones,* 76 F.3d at 851. Third and finally, if the rule in *Gray* is a new constitutional rule of criminal procedure, the court must decide whether it falls within one of the two narrow exceptions to the

general rule of non-retroactivity. *Caspari,* 510 U.S. at 390, 114 S.Ct. 948; *Jones,* 76 F.3d at 851.

### A. When Gio's conviction and sentence became final for the purposes of Teague

The court must first determine when Gio's conviction and sentence became final for the purposes of *Teague.* In this case, the parties do not dispute that Gio's conviction and sentence became final well before *Gray* was decided. Except for the order of restitution, the Seventh Circuit affirmed all aspects of Gio's conviction and sentence on October 13, 1993 and issued the mandate in the case on November 4, 1993. This court resentenced Gio on March 2, 1994, eliminating the order of restitution. Gio did not appeal any aspect of his new sentence and did not attempt to appeal the Seventh Circuit's decision to the Supreme Court. Accordingly, the court finds that Gio's sentence and conviction became final in 1994 for the purposes of *Teague. See Fern,* 99 F.3d at 256.

### B. Whether the rule in Gray is a new constitutional rule of criminal procedure

Having determined that Gio's conviction became final in 1994 for the purposes of *Teague,* which was well before the Supreme Court's decision in *Gray,* the court must now determine whether the rule announced in *Gray* is a new constitutional rule of criminal procedure. Both Gio and the government argue that it is. There can be no disagreement that the rule announced in *Gray* is a constitutional rule of criminal procedure. The issue, therefore, is whether the rule announced was a "new" rule.

■ "[A] case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government." *Teague,* 489 U.S. at 300, 109 S.Ct. 1060. In other words, "a case

---

**2.** Although *Teague* was a plurality opinion, its holding has been affirmed by a majority of the Supreme Court. *Saffle v. Parks,* 494 U.S. 484,

110 S.Ct. 1257, 108 L.Ed.2d 415 (1990); *Butler v. McKellar,* 494 U.S. 407, 110 S.Ct. 1212, 108 L.Ed.2d 347 (1990).

announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Id.* Thus, to determine whether a case has announced a new rule, the court must assess the law as it existed at the time that the defendant's conviction became final. *Gray v. Netherland,* 518 U.S. 152, 166, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996). "The 'new rule' principle ... validates reasonable, good-faith interpretations of existing precedents" even if those good-faith interpretations "are shown to be contrary to later decisions." *Butler,* 494 U.S. at 413, 110 S.Ct. 1212.

▇ The precise issue before the court is whether the law as it existed when Gio's conviction and sentence became final compelled the conclusion that the admission of Marchiafava's redacted confession combined with a limiting instruction violated Gio's Sixth Amendment rights. The court holds that the law existing at the relevant time did not compel such a conclusion. To hold otherwise, this court would have to find that the Seventh Circuit's holding on Gio's direct appeal that this court "did not err in allowing in evidence the redacted confession, combined with the limiting instruction given to the jury" was not a reasonable, good-faith interpretation of existing precedent. *See Butler,* 494 U.S. at 414, 110 S.Ct. 1212. This court does not find as such; rather, the court finds that the Seventh Circuit's decision was a reasonable, good-faith interpretation of the existing precedent.

There are two relevant Supreme Court cases that had been decided at the time that Gio's conviction and sentence became final: *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), and *Richardson v. Marsh,* 481 U.S. 200, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987). In *Bruton,* the Court held that a defendant's Sixth Amendment rights were violated when his non-testifying co-defendant's confession incriminating both defendants was

admitted into evidence, notwithstanding the fact that the trial court had instructed the jury to consider the confession against only the defendant who had confessed. *Bruton,* 391 U.S. at 135–37, 88 S.Ct. 1620. In *Richardson,* the Court held that the admission of a non-testifying co-defendant's confession which was "redacted to eliminate not only the defendant's name, but any reference to his or her existence" and was accompanied by a proper limiting instruction did not violate the non-confessing defendant's Sixth Amendment rights. *Richardson,* 481 U.S. at 211, 107 S.Ct. 1702. The *Richardson* Court expressly stated that it "express[ed] no opinion on the admissibility of a confession in which the defendant's name has been replaced with a symbol or neutral pronoun." *Id.* at 211 n. 5, 107 S.Ct. 1702.[3]

With only *Bruton* and *Richardson* decided at the time of Gio's direct appeal, the Seventh Circuit was faced with the issue of whether this court erred in admitting Marchiafava's redacted confession. After examining *Bruton* and *Richardson,* the Seventh Circuit held that this court did not err in admitting Marchiafava's redacted confession. The Seventh Circuit explained that while the Supreme Court had stated in *Richardson* that it "express[ed] no opinion on the admissibility of a confession in which the defendant's name has been replaced with a symbol or neutral pronoun," the Seventh Circuit has "specifically held that 'the replacement of defendants' names with references such as 'another person,' combined with an instruction to consider the confession against only the declarant, satisfies *Bruton.*" *Gio,* 7 F.3d at 1287; *see also United States v. Strickland,* 935 F.2d 822, 826 (7th Cir.1991). The Seventh Circuit's position, which was consistent with several other courts of appeals, was a reasonable, good-faith interpretation of the existing precedent.

In sum, this court finds that the law existing at the time that Gio's conviction

---

**3.** The Supreme Court did not address this issue left open by *Richardson* until its 1998 decision in *Gray,* which was announced many years after Gio's conviction and sentence became final.

and sentence became final did not compel the conclusion that the admission of Marchiafava's redacted confession violated Gio's Sixth Amendment rights. The Seventh Circuit's decision in *Gio* and the relevant Supreme Court cases show that this is true. Accordingly, this court finds that the rule in *Gray* is a new constitutional rule of criminal procedure.

## C. *Whether the rule in Gray falls within one of the two narrow exceptions to the general rule of non-retroactivity*

Having determined that Gio is seeking the benefit of a new constitutional rule of criminal procedure, the court must now determine whether the rule announced in *Gray* falls within one of the two narrow exceptions to the general rule of non-retroactivity. If it does, then the court may apply the *Gray* rule to Gio's case. If it does not, the court must find that the rule in *Gray* may not be applied retroactively.

The first exception to *Teague*'s general rule of non-retroactivity "permits the retroactive application of a new rule if the rule places a class of private conduct beyond the power of the [government] to proscribe" or "prohibit[s] a certain category of punishment for a class of defendants because of their status or offense." *Saffle*, 494 U.S. at 494, 110 S.Ct. 1257. The court agrees with the government that this exception is inapplicable in this case because (1) Gio has made no argument that this exception applies and (2) the rule announced in *Gray* does not decriminalize any class of conduct or prohibit a certain category of punishment for a class of defendants because of their status or offense.

The second exception to the general rule of non-retroactivity allows courts to apply retroactively " 'watershed rules of criminal

procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Saffle*, 494 U.S. at 495, 110 S.Ct. 1257. This exception applies "only to a small core of rules requiring observance of those procedures that ... are implicit in the concept of ordered liberty." *Graham*, 506 U.S. at 478, 113 S.Ct. 892 (internal quotations omitted). As the Seventh Circuit has stressed, "[t]he Supreme Court has interpreted this category [of rules] very narrowly" and has "made clear that only those cases that truly break new constitutional ground, such as *Gideon* [*v. Wainwright*] require retroactive application." *Jones*, 76 F.3d at 853–54.

The court finds that the *Gray* rule does not fall within the " 'small core of rules requiring ... procedures that are implicit in the concept of ordered liberty.' " *See Jones*, 76 F.3d at 853–54 (quoting *Graham*, 506 U.S. at 478, 113 S.Ct. 892). The rule in *Gray*, while "new" for the purposes of *Teague*, could hardly be classified as a "watershed" rule of criminal procedure or a rule that breaks new constitutional ground. Accordingly, the court finds that the rule announced in *Gray* does not fall within the second exception to the general rule of non-retroactivity announced in *Teague*.

## D. *Conclusion on retroactivity*

In sum, the court finds that the rule in *Gray* may not be applied retroactively. In his § 2255 motion, Gio is seeking the benefit of a new constitutional rule of criminal procedure that was announced long after his conviction and sentence became final. The rule does not fit into one of the two narrow exceptions to the general rule of non-retroactivity. Accordingly, the court holds that the rule in *Gray* may not be applied retroactively.[4]

---

4. Because the court holds that *Gray* may not be applied retroactively, the court need not address the issue of harmless error. However, the court notes that the government is absolutely correct that even if *Gray* were applied retroactively to Gio's case, the error in admitting the redacted confession was harmless. *See United States v. Eskridge*, 164 F.3d

1042, 1044 (7th Cir.1998) (explaining the test for determining harmless error and the factors that the court must consider in determining harmless error). Having considered the relevant factors for determining harmless error and the evidence of record, the court finds that independent evidence against Gio was more than sufficient to support his conviction

### III.  *CONCLUSION*

For the foregoing reasons, the court finds that the Supreme Court's decision in *Gray v. Maryland* may not be applied retroactively to Gio's case.  Accordingly, the court denies with prejudice defendant Nicholas Gio's motion under 28 U.S.C. § 2255 to vacate, correct, or set aside his sentence.

and that the prosecution's case would not have been "significantly less persuasive" if Marchiafava's redacted confession had not been admitted.